# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO DANIEL BARRERA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:21-cv-00184-SAB<br><br>ORDER REQUIRING PLAINTIFF TO PAY THE FILING FEE OR FILE A LONG FORM APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND STRIKING COMPLAINT AS UNSIGNED<br><br>(ECF No. 1)<br><br>TWENTY-ONE DAY DEADLINE |

Luz Maria Balleza and Hugo Daniel Barrera ("Plaintiffs"), proceeding pro se, filed an unsigned complaint in this action seeking judicial review of the denial of disability benefits pursuant to the Social Security Act. Plaintiffs did not pay the filing fee or file an application to proceed *in forma pauperis*.

Plaintiffs shall be required to either pay the filing fee or file a long form application to proceed *in forma pauperis* in this action. Further, the complaint in this action is unsigned, and unsigned documents cannot be considered by the Court. Fed. R. Civ. P. 11(a); Local Rule 131(b). The complaint will be stricken from the record on that ground.

Plaintiffs are advised of the following legal standards that will apply to this Social Security appeal. First, the complaint is brought by Luz Maria Balleza and Hugo Daniel Barrera, however, the letter from counsel attached to the complaint addresses a denial of benefits for

Hugo Barrera.  The complaint does not demonstrate that Luz Maria Balleza would not have standing to challenge the denial of benefits for a third party.

Generally, the United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly waived immunity.  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997).  "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.' "  Hodge, 107 F.3d at 707 (quoting Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).)

In the Social Security Act, the United States has waived sovereign immunity only for limited judicial review of the Social Security Administration's final decisions.  Mathews v. Eldridge, 424 U.S. 319, 327 (1976).  Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  Congress has strictly limited the Court's jurisdiction of over Social Security actions.

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

If Plaintiff is seeking to appeal a final decision of the Commissioner, Plaintiff must demonstrate that he has complied with the requirements of Section 405(g), including that he has received a final decision and that this action is filed "within sixty days after the mailing to [him] of notice of such decision" after a hearing.  See 42 U.S.C. 405(g).

To comply with 405(g) an individual must exhaust administrative remedies in order to challenge the denial of Social Security benefits.  This means that before challenging a denial of benefits or the amount received, a claimant must file for reconsideration of that decision with the

1  Social Security Administration.  20 C.F.R. §§ 404.905, 404.909.  If an adverse decision is
2  rendered, an individual may request that an administrative law judge ("ALJ") hold a hearing.  20
3  C.F.R. § 404.929.  If the ALJ issues an adverse decision, an appeal may be filed with the
4  Appeals Council.  20 C.F.R. § 404.955.  Any appeal to the Appeals Council must be filed within
5  sixty days of the ALJ's decision.  20 C.F.R. § 404.968.  Once the Appeals Council issues its
6  decision, a claimant can file a complaint in the United States District Court, but this complaint
7  must be filed within sixty days of the Appeals Council's order.  42 U.S.C. § 405(g).

   In order to seek judicial review of a denial of Social Security benefits and/or disability benefits, an individual must have followed the appeals process outlined above including filing a complaint in the United States District Court within sixty days of receiving an adverse determination from the Appeals Council.  The complaint must demonstrate that Plaintiff applied for or was receiving Social Security benefits, appealed an adverse decision, had a hearing regarding the denial of benefits, and received a final decision of the Commissioner.  Further, Plaintiff will be required to attach a copy of the final decision and, if applicable, any extension of time to file a complaint in the district court, to show that this action was filed within sixty days of receiving an adverse decision.

   Accordingly, IT IS HEREBY ORDERED that:

   1. The Clerk of the Court is directed to forward an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 to Plaintiffs;

   2. Within **twenty one (21) days** of the date of entry of this order, Plaintiffs shall either (1) pay the $402.00 filing fee for this action, or (2) complete and file the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239;

   3. Plaintiffs' complaint, filed February 16, 2021, is STRICKEN FROM THE RECORD for being unsigned;

   4. Plaintiffs shall file a signed complaint within **twenty-one (21) days** of the date of entry of this order;

   5. Plaintiff shall include a copy of the final decision by the Appeals Council denying

Social Security benefits and any extension of time received to file an action in the district court; and

6. If Plaintiffs fails to comply with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **February 17, 2021**

UNITED STATES MAGISTRATE JUDGE