# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO DANIEL BARRERA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 1:21-cv-00184-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY <br><br> ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN THIS MATTER TO A DISTRICT JUDGE <br><br> (ECF No. 1) <br><br> OBJECTIONS DUE WITHIN THIRTY DAYS |

Luz Maria Balleza and Hugo Daniel Barrera ("Plaintiffs"), proceeding pro se, filed an unsigned complaint in this action seeking judicial review of the denial of disability benefits pursuant to the Social Security Act on February 16, 2021. (ECF No. 1.) Plaintiffs did not pay the filing fee or file an application to proceed *in forma pauperis*. On February 18, 2021, an order was filed requiring Plaintiffs to file an application to proceed *in forma pauperis* and striking the complaint as unsigned. (ECF No. 2.) The order provided Plaintiff with the legal standards that would apply to the social security appeal and required an amended complaint to be filed within twenty-one days. (Id.) More than twenty-one days have passed and Plaintiffs have not filed a signed complaint or requested an extension of time to do so.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Plaintiffs were ordered to file a

1  signed complaint within twenty-one days of February 18, 2021. Plaintiffs have been provided
2  with the legal standards that would apply to the claims. Plaintiffs has neither filed a signed
3  complaint nor requested an extension of time to do so. Further, it is clear that Plaintiffs received
4  the order because the order also required a long form application to be filed and Plaintiffs did file
5  long form applications to proceed *in forma pauperis* on February 24, 2021 and February 26,
6  2021. Plaintiffs' failure to comply with the orders of the Court hinders the Court's ability to
7  move this action towards disposition, and indicates that Plaintiffs do not intend to diligently
8  litigate this action.

9  Since it appears that Plaintiffs do not intend to litigate this action diligently there arises a
10 rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,
11 1452-53 (9th Cir. 1994). The risk of prejudice to the defendant also weighs in favor of dismissal.

12 The public policy in favor of deciding cases on their merits is greatly outweighed by the
13 factors in favor of dismissal. It is Plaintiffs' responsibility to move this action forward and there
14 is no operative complaint on file. This action can proceed no further without Plaintiffs'
15 cooperation and compliance with the order at issue, and the action cannot simply remain idle on
16 the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiffs'
17 failure to comply with the Court's orders.

18 Finally, a court's warning to a party that their failure to obey the court's order will result
19 in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262;
20 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's February 18, 2021 order
21 requiring Plaintiffs to file a signed complaint expressly stated: "If Plaintiffs fail[] to comply with
22 this order, the Court will recommend to the district judge that this action be dismissed consistent
23 with the reasons stated in this order." (ECF No. 2 at 4.) Thus, Plaintiffs had adequate warning
24 that dismissal of this action would result from the noncompliance with the Court's order and
25 failure to file a signed complaint.

26 Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for
27 Plaintiff's failure to comply with the court order and failure to prosecute.

28 IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly

assign this matter to a district judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30) days** of service of this recommendation, Plaintiffs may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 18, 2021**

UNITED STATES MAGISTRATE JUDGE